CAMERON, Respondent, v. CAMERON, Appellant.
(139 N. W. 329.) ·

1. **Divorce—Suit Money—Expenses of Appeal.**

Either the Supreme Court or the trial court may, in a proper case, require the husband, in an action for divorce, to pay the expenses of an appeal by the wife from an adverse decision.

2. **Divorce—Expenses of Appeal by Wife—Order For—Notice of Application.**

An order of trial court in a divorce suit, allowing a wife money to pay expenses of her appeal from a previous order denying her application for modification of the decree of divorce and for allowance of permanent alimony, which order allowing expenses was made without application therefor by motion or otherwise, and without notice to defendant, was erroneous, and will be reversed.

(Opinion filed Jan. 6, 1913.   Rehearing denied May 31, 1913.)

Appeal from Circuit Court, Davison County.   Hon. FRANK B. SMITH, Judge.

Action by Lesbia G. Cameron against Alexander Cameron, for divorce.   From an order, made after final decree of divorce was entered, granting to plaintiff suit money to prosecute an appeal to this Court; defendant appeals.   Reversed.

*J. E. Whiting*, for Appellant.

It is the contention of this appellant that the order of the circuit court made two days after the hearing and in the absence of the defendant and his attorney is void and if not void is such an abuse of discretion that it should be set aside upon this appeal.

If the decision on the merits made on the 29th day of June had been in favor of the plaintiff and the defendant had appealed then the plaintiff might have properly been allowed the expense of the appeal in furtherance of justice, if made upon a proper application.   But the decision and order is that the plaintiff is not entitled to any alimony or attorney fees and as this is the law in the case upon what possible theory founded on equity or justice can the defendant be compelled to pay the expenses of an appeal by the plaintiff?

This order is a contingent one.   In case the plaintiff appeals then the defendant must pay the expenses amounting to $200 as fixed by the circuit court.

The decision made on June 29, 1911, says in substance that the plaintiff is wrong and defendant is right and two days later

this order appealed from is made saying in substance that defendant must pay the plaintiff's attorneys $200 to pay plaintiff's expenses of appeal in proceedings in which the court found the plaintiff was wrong.

Not only that but that it must be paid within thirty days after the "notice of appeal" had been served.

Not after an appeal has been made and the case was before the Supreme Court, but after notice had been served. Upon the face of the order the plaintiff could serve the notice of appeal, which she did, serve no undertaking and attorneys get the $200 from defendant, and go no further on the appeal and attorneys for plaintiff would get $200 of defendant's money for serving a notice of appeal in a matter in which the court decided the plaintiff was wrong on the merits, and defendant would have no remedy. The honorable circuit court had no right to anticipate an appeal by the plaintiff, and in our judgment had neither right or jurisdiction to ask or compel the defendant to pay the attorneys for the plaintiff $200 to pay expenses of a possible appeal which might never be made and if defendant had paid the $200 to pay the expenses and attorney's fees of the plaintiff's attorneys and no appeal had in fact ever been made the defendant would have no possible remedy.

We confess we are unable to find any authority on this subject. There are authorities probably where the prevailing party has been allowed expenses of an appeal when losing party has appealed, but when plaintiff is wrong, as found by the decision of the court, her attorneys cannot equitably ask for attorney's fees at expense of defendant.

There is no discussion or attempted discussion as to whether this decision made on the 29th day of June, 1911, was wrong or right. This is not the proper place to discuss that proposition. We contend that the decision of the court is presumptively right and stands as the law in the case until the decision is either affirmed or reversed. What we contend for is that on the record of this action that the order of the court compelling defendant to pay plaintiff's attorneys the sum of two hundred dollars in a matter in which the court decided she was wrong is both inequitable and unjust and more than that it is made without the court having jurisdiction to make it and is void.

The statute in no case gives the circuit court authority to make such an order.

*A. J. Daley, and J. Ingham,* for Respondent.

The order refusing to allow alimony was dated two days before the date of the order appealed from, but the two orders should be read and construed together. In the order appealed from the court says that when its decision not to allow permanent alimony was announced, counsel for plaintiff stated that it was their intention in good faith to appeal to the Supreme Court from such adverse order when entered, and the court thereupon required the defendant within thirty days after service of notice of appeal to pay the plaintiff or her attorneys the sum of $200 for attorney's fees and expenses herein. That allowance was not for attorney's fees and expenses on an appeal. At least the order does not so state. It was evidently intended to cover such attorney's fees and expenses only as it was within the power and jurisdiction of the circuit court to allow.

Counsel states that the order was made in the absence of the defendant and his attorney. There is nothing whatever in the order to show that such is the case, nor do we know whether or not the defendant or his attorney was present at the time. Plaintiff's attorneys were not present; but the mere presence of the attorneys or parties at the time of signing and drawing the order can be of no consequence, when it clearly appears that the defendant was fully heard on the merits of the case before the order was made. This should dispose of the point made by appellant's counsel that the order was void because made two days after the hearing and in the absence of defendant and his attorney. The objection at best is purely technical and without merit, because the power of the court to allow attorney's fees and expenses in a divorce suit is not at all dependent upon any finding whatever in favor of the party to whom such allowance is made, on the merits of the case.

The order is not a contingent one. That is, it is not contingent on the plaintiff appealing, but simply contingent on the service of a notice of appeal on the defendant. It might well be that if the order had been conditioned upon the payment of the money after an appeal had been perfected, and upon the perfecting of an appeal, that this court would have exclusive jurisdiction of the matter and not the circuit court. It is, however, our contention that until the

appeal is perfected the circuit court has full authority to make any order it sees fit in regard to the matter, if it is not of such a character as to be an abuse of discretion.

SMITH, J.  Appeal from circuit court of Davison county. On the 29th of September, 1898, Lesbia G. Cameron began an action for divorce against the defendant, Alexander Cameron, in Davison county.  Defendant entered an appearance and filed an answer which was withdrawn on May 1, 1900, and on May 3, 1900, a decree of absolute divorce was entered.  The decree contained no provision relating to alimony.  On June 5, 1911, a little more than 11 years after the entry of this decree, Lesbia G. Cameron made application in the circuit court of Davison county for a modification of the decree and for an allowance of permanent alimony in the sum of $25,000 and attorney's fees of $500. The proceeding was resisted by defendant, and the matter heard on the merits on the 29th day of June, 1911.  On that date, the trial court entered an order denying the application and dismissing the proceeding on the merits.  Thereafter, on July 1, 1911, the circuit court, without further notice or hearing, entered another order entitled in the same case, and containing, among other recitals, that the court on the 29th day of June had dismissed and denied plaintiff's application for permanent alimony, and that counsel for plaintiff, Lesbia G. Cameron, had thereupon stated she desired in good faith to appeal to the Supreme Court from such adverse order, and that the court, "being now fully advised in the premises, orders that the defendant pay to plaintiff or her attorney the sum of $200 for attorney's fees and expenses within 30 days after notice of appeal from the order made and filed on the 29th of June, 1911, dismissing on the merits plaintiff's application for permanent alimony."  From this order defendant appeals: First, because said order was not made upon proper application of the plaintiff and was without notice to defendant.  Second, because the decision of the court made on June 29, 1911, must be assumed to be correct, and defendant may not be compelled to pay the expenses of an appeal by plaintiff.

Appellant in his brief concedes that had plaintiff prevailed, and defendant appealed, an order allowing plaintiff attorney's fees to enable her to defend the appeal in the appellate court would have been in furtherance of justice and might properly be al-

lowed, but contends that where defendant prevails he cannot properly be compelled to pay the expenses of an appeal by the plaintiff.

The question of the right of both the circuit and supreme courts to make allowances for attorney's fees on appeal in divorce cases has been finally put to rest in this state, by the decision of this court in Wells v. Wells, 26 S. D. 70, 127 N. W. 636. One of the authorities cited with approval in that decision is the case of Wagner v. Wagner, 36 Minn. 239, 30 N. W. 767. In that case the appellant, *who was the losing party,* made a motion in that court for an allowance to enable her to prosecute her appeal. The case is exactly in point, and is decisive of appellant's contention. In that case the court said: "We have no doubt of the power of the court upon a proper showing, in a suit for divorce, to make an order requiring the husband to pay to the wife such sums as may be necessary to enable her to prosecute or defend an appeal in this court." In Wells v. Wells, supra, this court said: "The trial court decided against this appellant, and certainly this court should see to it that respondent has an opportunity equal to the appellant to present her cause upon this appeal."

[1] Either this court, or the trial court in a proper case, may as justly require the husband to pay the expenses of an appeal by the wife from an adverse decision, as it may require the husband to pay the expenses of defending an appeal where he is the appellant. We are therefore of opinion that as to this contention appellant is in error.

[2] Upon the other contention, we are forced to the conclusion that appellant is right. The original motion for a modification of the judgment and the allowance of $25,000 alimony and $500 counsel fees, which was decided on the 29th day of June, 1911, was not in any sense an application for suit money or counsel fees to enable her to prosecute an appeal from an adverse decision upon that motion. The demand for counsel fees was clearly for the purpose of enabling her to prosecute the motion for alimony and for that alone. The subsequent order allowing plaintiff $200 attorney's fees in the appeal from the original order appears to have been made, so far as the record discloses, without any application on the part of plaintiff by motion or otherwise, and without any notice to defendant.

We are of opinion therefore that the order of the trial court, if not wholly void, was erroneous, because made without proper application, and without notice to defendant, and should be reversed. The order is one, however, to which plaintiff was entitled upon proper application and notice, and the amount allowed for counsel fees is not claimed to be unjust or excessive. ·

We feel compelled to reverse the order of the trial court, but think equity demands that the reversal be without costs to appellant. It will be so ordered.