BRENNAN, Respondent v. BRENNAN, Appellant

(224 N.W. 2d 192)

(File No. 11451. Opinion filed December 20, 1974)

542

Jerry G. Brennan, pro se.

Jon W. Mattson, Deadwood, for plaintiff and respondent.

HANSON, Retired Justice.*

In this action for divorce defendant appeals from that portion of the final decree ordering payment of plaintiff's attorneys fees and expenses.

On March 11, 1974, the day set for trial, plaintiff proved her cause of action for divorce by default pursuant to a stipulation entered into by the parties in open court. Among other matters the stipulation provided:

"It is further contemplated and stipulated that counsel for the plaintiff shall submit his itemization for fees [for] the Judge's consideration and determination and that the parties shall not stipulate thereto; such being left to the future determination by the Court."

The final decree was signed March 22, 1974, and filed March 26, 1974. A few days before it was filed defendant received a copy of the proposed decree which contained a blank space for the amount of attorneys fees to be allowed. Along with the proposed decree was an itemized statement of requested fees

* Retired Supreme Court Justice acting pursuant to SDCL 16-1-5.

and expenses from the plaintiff's attorney. The requested charges amounted to $3,066.07, which amount was adopted by the court ex parte and inserted in the final decree. Immediately upon receipt of the proposed decree and the attorney's statement, defendant filed written objections and requested a hearing. This was denied.

A trial court is expressly authorized "to order payment of attorneys' fees in all cases of divorce * * * where the allowance of the same before or after judgment shall seem warranted and necessary to the court". SDCL 15-17-7. Also see SDCL 25-4-38. Although the allowance of attorney fees rests in the sound discretion of the trial court, its authority to enter a valid order for payment is conditioned upon compliance with procedural due process and fundamental fairness. A notice of motion for counsel fees is ordinarily required. See Anno. "Suit Money-Notice-Hearing" 10 A.L.R.3d 292. In accord with this general rule an award of counsel fees made without proper application and without notice to defendant was set aside in Cameron v. Cameron, 30 S.D. 634, 139 N.W. 329.

At the time defendant entered into the stipulation regarding plaintiff's attorney fees their nature and amount were unknown to him. The stipulation merely left the matter open for the trial court's future determination and consideration. It did not constitute a waiver of notice to defendant or of his right to object. Neither did it foreclose his right to a hearing to determine their necessity and reasonableness. When objections were timely made defendant's request for a hearing should have been granted. The order for payment of attorneys fees is accordingly reversed and the matter remanded for an evidentiary hearing after proper notice to defendant.

All the Justices concur.

HANSON, Retired Justice, sitting for DOYLE, J., disqualified.