**Dianne F. JONES, Plaintiff and Appellee,**

**v.**

**Robert E. JONES, Defendant and Appellant.**

No. 13785.

Supreme Court of South Dakota.

Considered on Briefs Jan. 20, 1983.

Decided May 18, 1983.

Rehearing Denied July 5, 1983.

Lee R. Burd, Sioux Falls, for plaintiff and appellee.

Robert L. Harris, Sioux Falls, for defendant and appellant.

FOSHEIM, Chief Justice.

This is an action for a divorce and property distribution. We reverse and remand.

This action was originally commenced on February 15, 1981. On May 5, 1981 the court entered a judgment and decree of divorce upon default of defendant (Robert E. Jones), which provided that plaintiff (Dianne F. Jones) have custody of the parties' children, subject to reasonable visitation rights of defendant, and that defendant pay child support to plaintiff in the amount of $361.00 per month. Defendant was also ordered to provide health and life insurance to plaintiff for the benefit of the children and to pay a $1,500.00 property settlement. Alleging failure to comply with the Soldiers and Sailors Relief Act, defendant moved to reopen the matter for defense on the merits. That motion was granted.

Plaintiff resides at Sioux Falls, South Dakota and defendant is an active duty member of the United States Air Force stationed in Michigan. They were married in January 1969 at the Ellsworth Air Force Base, Rapid City, South Dakota. They have three children, ages 10, 6 and 5 at the time of the divorce. The parties separated in December of 1979, at which time plaintiff and the children moved to Sioux Falls. Neither party has disabilities. Plaintiff is not employed and is attending college. Defendant has a gross income of $1,230.00 per month plus a food and housing allowance which raises his total gross pay to about $1,450.00. His disposable income is $1,187.00 per month.

When the parties separated they had accumulated personal property worth approximately $16,360.00. Prior to the divorce trial, they divided that property between themselves, whereby defendant received approximately $11,115.00 in value and plaintiff received about $5,245.00. Defendant assumed and agreed to pay all the marital debts.

The court awarded the parties joint legal custody of the minor children; physical custody was granted to plaintiff and the children were directed to reside with her. Defendant was to have the children in his care for up to three periods of two weeks each for a total of six weeks each summer. Any additional visitation must be arranged on one week's advance notice to plaintiff and exercised within the city limits where plaintiff resides. Defendant was directed to pay the sum of $200.00 per month, per child, to plaintiff. These payments are to continue even when the children are in defendant's care. In addition, defendant was directed to maintain all military and private insurance policies upon his life in force at the time of trial, naming the children as beneficiaries.

Additionally, defendant was directed to pay to plaintiff the sum of $2,000.00 as an additional property settlement at the rate of $100.00 per month commencing June 1,

1982. Plaintiff was also granted $162.00, representing unpaid child support through the time of trial. Defendant was further directed to pay plaintiff $1,500.00 towards her attorney's fees and expenses.

Defendant claims that the trial court erred when it adopted the findings of fact and conclusions of law prepared by plaintiff's counsel which varied substantially from the trial court's memorandum opinion issued several weeks earlier.

At the conclusion of the evidence the court asked counsel to submit written final arguments on certain issues found to be pertinent by the court. Counsel for both parties did this on January 11, 1982. On January 14, 1982, the court expressed an outline of its findings and conclusions and stated:

> The plaintiff's attorney should prepare proposed Findings of Fact and Conclusions of Law consistent with this opinion and refer to the opinion for facts found therein and conclusions stated as provided by Rule 52a.

Forty days later, on February 22, 1982, plaintiff's counsel submitted proposed findings of fact and conclusions which, by accompanying letter, admittedly were at variance with the court's memorandum decision previously announced. A copy of these proposed findings and conclusions were served on defendant. Defendant, in turn, submitted alternative proposed findings of fact and conclusions of law. On March 3, 1982, the court adopted the findings of fact and conclusions of law proposed by plaintiff.

■ It is the prerogative of the trial court to re-think a decision from the bench or a memorandum decision. Apparently the court intended to do just that because he directed counsel for both parties to submit further written formal arguments on some issues. A trial court's memorandum decision is not reviewable by this court. *O'Connor v. O'Connor,* 307 N.W.2d 132 (S.D. 1981); *Connelly v. Sherwood,* 268 N.W.2d 140 (S.D.1978). In *Connelly,* at 142, we said:

As its name implies, a memorandum opinion is merely an expression of the trial court's opinion of the facts and law. *Christiansen v. Strand,* 1966, 82 S.D. 416, 147 N.W.2d 415. Any expression of opinion or views by the trial judge extraneous to his decision in the manner and form contemplated by law is of no binding force and effect as a matter of law either upon the trial judge himself or anyone else. *Western Bldg. Co. v. J.C. Penney Co.,* 1932, 60 S.D. 630, 245 N.W. 909. Because the memorandum opinion is not binding, our review is limited to the trial court's findings of fact and conclusions of law.

*See also Wall v. Wall,* 260 N.W.2d 644 (S.D. 1977); *Christiansen v. Strand,* 82 S.D. 416, 147 N.W.2d 415 (1966). Accordingly the trial court did not err in adopting a version of findings of fact and conclusions of law more favorable to plaintiff than his memorandum opinion earlier indicated.

■ Defendant next contends the trial court abused its discretion in awarding plaintiff's attorneys fees as reasonable in the amount of $1,500.00 when no evidence was introduced at the trial from either party concerning such fees. SDCL 15–17–7 grants the trial court power to order payment of attorney's fees in divorce cases where such an allowance "shall seem warranted and necessary." We have repeatedly held that this allowance rests in the sound discretion of trial court and will not be interferred with by this court, unless it appears there was err in the exercise thereof. *Pochop v. Pochop,* 89 S.D. 466, 233 N.W.2d 806 (1975); *Foss v. Foss,* 83 S.D. 574, 163 N.W.2d 354 (1968); *Kuehn v. Kuehn,* 74 S.D. 521, 55 N.W.2d 70 (1952); *Baron v. Baron,* 71 S.D. 641, 28 N.W.2d 836 (1947).

■ In order to decide what is a reasonable attorney's fee, the trial court must consider the visible elements before him, namely the amount and value of the property involved, the labor and time involved, the skill required to draw the pleadings and try the case, the discovery procedures utilized, the existence of complicated legal problems,

and whether written briefs were required. *DeWitt v. DeWitt*, 86 S.D. 59, 191 N.W.2d 177 (1971). "After determining what constitutes a reasonable fee in the case, the trial judge in a divorce case has to make the further decision of what portion of the wife's attorney fees should be allowed as costs and thereby paid by the husband." *Lien v. Lien*, 278 N.W.2d 436, 443 (S.D.1979) (citations omitted).[1] "Where trial attorney's fees are involved, the trial court should consider the need of the wife for the allowance and the ability of the husband to pay." *Peshek v. Peshek*, 297 N.W.2d 323, 324 (S.D.1980) (citation omitted); *Prentice v. Prentice*, 322 N.W.2d 880 (S.D.1982). On an appeal to this court these elements are also considered. *Rykhus v. Rykhus*, 319 N.W.2d 167 (S.D.1982); *Lien, supra.*

> Although the allowance of attorney's fees rests in the sound discretion of the trial court, its authority to enter a valid order for payment is conditioned upon compliance with procedural due process and fundamental fairness. A notice of motion for counsel fees is ordinarily required. In accord with this general rule an award of counsel fees made without proper application and without notice to defendant was set aside in *Cameron v. Cameron*, 30 S.D. 634, 139 N.W. 329 (1913). (citation omitted)

*Brennan v. Brennan*, 88 S.D. 541, 224 N.W.2d 192, 193 (1974). In *Lien, supra,* the trial court had an itemized statement of the services rendered by the attorney, but no showing of time expended. We said:

> While the judge would know the time counsel was before him, he shouldn't be required to guess at the out-of-court time spent on a case. Since the time spent on the case is such an important factor in setting a reasonable fee, we must remand so this element can be considered along with all other appropriate factors.

*Id.* at 443. Here, the trial court had before it, in addition to the visual elements, an itemized statement showing the date services were rendered by plaintiff's attorney, the kinds of services performed, and the amount of time spent on each activity. This itemized statement was submitted to the court with a copy to opposing counsel on January 11, 1982, along with plaintiff's written arguments. Defendant voiced no objection to the proposed attorney's fees, nor did he request a hearing thereon. It appears undisputed that plaintiff's statement accurately reflects the time spent and that the amount claimed was reasonable. We accordingly conclude the trial court did not abuse its discretion in allowing the attorney's fees.

Defendant next contends the trial court abused its discretion when it ordered defendant to pay plaintiff child support of $200 per month per child and $2,000 as an additional property division. In his memorandum decision, the court indicated defendant would be ordered to pay $150.00 per month child support in all months of the year except during the two months when defendant had custody of the children. This was changed in the March 3 formal decision which directed defendant to pay $200.00 a month per child all twelve months of the year.

█ Considering the take-home pay of defendant, his assumption of the marital debts of $8,700 with substantial interest payments, an additional $162.00 for support arrearage, plus the possibility that defendant will be bearing the full support of the children part of each year, and will likely have considerable travel expense in exercising his custody and visitation rights, we conclude child support payments of $200.00 per month per child are intolerable for defendant to sustain at the present time, especially since the evidence indicates that he was having a struggle paying the $361.00 per month child support payments required by the default judgment. We accordingly

---

1. The factors entering into this determination are: "the property owned by each party; their relative incomes; whether the wife's property is in liquid or fixed assets; whether the actions of the wife increased unreasonably the time spent on the case; and whether the actions of the husband increased unreasonably the time spent on the case." *Lien*, 278 N.W.2d at 443 (citations omitted).

remand for the trial court to set a more realistic amount.

It appears that the initial property settlement was worked out by the parties. In determining an equitable property settlement, the trial court must consider the following factors, having due regard for equity and circumstances: (1) duration of the marriage; (2) value of the property; (3) ages of the parties; (4) the state of health and competency of each party to earn a living; (5) the contribution of each party to the accumulation of the property; (6) the income producing capacity of the parties' assets; (7) fault, but only as it may be relevant to the acquisition of property during the marriage.[2] *Wall v. Wall,* 260 N.W.2d 644 (S.D.1977); *Hansen v. Hansen,* 273 N.W.2d 749 (S.D.1979); *Price v. Price,* 278 N.W.2d 455 (S.D.1979). The trial court's property award will not be reversed absent an abuse of discretion. *Prentice, supra; Nauman v. Nauman,* 320 N.W.2d 519 (S.D.1982).

When the trial court's decision is reviewed in light of these factors, it appears that the property division and assumption of marital debts, initially negotiated by the parties themselves, reflects an equitable distribution and that the additional $2,000 which defendant was directed to pay plaintiff is excessive.

We accordingly conclude that the child support payments should be reduced and that the $2,000 additional property award should be cancelled. The judgment of divorce is reversed and remanded for further proceedings in accordance with this decision.

Plaintiff petitions this court to allow her attorney's fees and costs on appeal. We grant her $500 attorney's fees and $72.54 court costs.

All the Justices concur.

2. SDCL 25–4–45.1 states: "Fault shall not be taken into account with regard to the awarding of property ... except as it may be relevant to