**Darlene L. KAPPENMAN,**
**Plaintiff and Appellee,**

v.

**Larry J. KAPPENMAN, Defendant**
**and Appellant.**

**No. 18435.**

Supreme Court of South Dakota.

Considered on Briefs Feb. 14, 1994.

Decided Sept. 21, 1994.

Richard A. Johnson of Strange, Farrell, Johnson & Casey, Sioux Falls, for plaintiff and appellee.

Doug Cummings, Sioux Falls, for defendant and appellant.

MOSES, Circuit Judge.

The final decree of divorce in this case was entered on June 29, 1990. Since the final decree of divorce, Larry Kappenman (Larry) has filed a considerable amount of litigation in both the trial court and this court, *Kappenmann v. Kappenmann*, 479 N.W.2d 520 (S.D.1992) *, questioning almost every decision made by the trial court. Based on the considerable amount of time spent in litigation resolving the various issues, Darlene L. Kappenman (Darlene) filed an application for $14,696.19 in costs and disbursements incurred from March 1, 1991 through January 13, 1993. Following hearings on the application and the various objections to the taxation of costs the trial court entered an order allowing Darlene $9,544.90 for attorney fees, $572.67 for sales tax, and $1,501.04 for costs and disbursements. Larry appeals.

## FACTS

In focusing on the amount of litigation, it will assist the reader to have a procedural history of this matter even though we are aware that Darlene only asked for costs and disbursements from March 1, 1991 to January 13, 1993.

The final divorce decree was entered on June 29, 1990. On August 22, 1990, Larry made a motion to modify child custody and vacate a portion of the judgment. On August 31, 1990, Larry appealed the whole judgment except for that portion which granted the divorce. On September 4, 1990, Darlene responded to Larry's motion to modify custody.

The trial court wrote a March 8, 1991 letter to both counsel indicating that it did not have jurisdiction to modify custody once the matter had been appealed, unless the matter was remanded by the Supreme Court for that specific purpose. Larry then attempted to appeal from that memorandum opinion to the Supreme Court on May 1, 1991, based on the trial court's failure to decide his motion to modify child custody and vacate a portion of the judgment. That appeal was dismissed on May 29, 1991 since it was only from a memorandum opinion.

On July 11, 1991, Larry submitted a supplemental affidavit to his motion to modify custody and set summer visitation. On July 25, 1991 the trial court entered an order for the abatement of child support during the six weeks of summer visitation and Larry noticed a hearing on the modification of child custody.

On August 26, 1991, the trial court sustained Darlene's objection to Larry's motion to modify custody because the court lacked jurisdiction due to the pending appeal. On September 13, 1991, Larry asked for an order to show cause directing that he be allowed to enroll his son in a martial arts course. On November 27, 1991, based on the stipulation of the parties, the trial court entered an order on visitation.

On January 8, 1992, the Supreme Court entered its decision on the first appeal. *Kappenmann*, 479 N.W.2d at 520. There we affirmed the trial court on the issues of child custody, alimony and property division and partial award of attorney fees.

On March 11, 1992, Darlene asked for a continuance to examine an expert witness who had changed his mind from the time he made his opinion on custody at trial. Larry made a motion to set visitation schedule on May 22, 1992. The trial court ordered a trial on Larry's motion for a change of custody on June 25, 1992. The trial court entered an order on visitation on June 30, 1992. Darlene moved to hire an expert witness or counselor for the purposes of presenting evidence on June 30, 1992. The trial court denied this motion, denied the oral motion to reconsider its previous order directing that the matter be tried by deposition and affidavit, and also denied Larry's request for

* The Northwestern Reporter 2d mistakenly captioned this case *Kappenmann v. Kappenmann*.

award of attorney fees and costs on July 23, 1992.

On August 12, 1992, Larry made a motion to compel production of records. On August 21, 1992, he made a motion to strike affidavits and notice of hearing. On September 3, 1992, the trial court issued a memorandum opinion denying the motion to modify custody.

On February 4, 1993, Larry made a motion to reconsider or in the alternative, motions for a new trial, and to amend visitation. On February 5, 1993, he made a motion for temporary custody order in lieu of the motion filed on February 4, 1993. On January 13, 1993, Darlene made an application for statement of costs and disbursements, and filed an affidavit and notice of taxation of costs in this matter.

The trial court entered and filed findings of fact and conclusions of law on February 11, 1993. On February 19, 1993, Larry filed his objection to application for taxation of costs. On March 9, 1993, the trial court entered the order modifying the visitation schedule of February 11, 1993. The trial court entered and filed an order on March 9, 1993 denying Larry's motion to reconsider and temporary custody order.

Darlene filed an application for and statement of costs and disbursements, and an affidavit of taxation of costs on March 22, 1993. Larry filed a motion in resistance to taxation of costs on May 19, 1993. The trial court held a hearing on the taxation of attorney fees and costs on June 7, 1993. The trial court entered and filed an order on taxation of attorney fees and costs on June 10, 1993 of $9,544.50, plus sales tax of $572.67 and costs and disbursements of $1,501.04.

## STANDARD OF REVIEW

■ SDCL 15–17–38 permits the award of attorney fees in divorce actions. As we stated in *Temple v. Temple,* 365 N.W.2d 561 (S.D.1985), each case rests upon its own facts and a decision is within the court's discretion. This Court can consider the totality of the circumstances in reviewing such an award. *Pribbenow v. Van Sambeek,* 418 N.W.2d 626, 630 (S.D.1988). The award rests in the sound discretion of the trial court and will not be overturned on appeal absent an abuse of that discretion. *Garnos v. Garnos,* 376 N.W.2d 571 (S.D.1985). "The term, 'abuse of discretion' refers to a discretion exercised to an end or purpose, not justified by, and clearly against, reason and evidence." *Hrachovec v. Kaarup,* 516 N.W.2d 309 (S.D.1994) (quotation omitted); *Gross v. Gross,* 355 N.W.2d 4, 7 (S.D.1984).

## ISSUE ONE

Was the order awarding the attorney fees and costs in this matter improper under SDCL 15–6–54(d) because the application was made beyond the thirty days allowed in the statute?

■ SDCL 15–6–54(d) allows an application of costs and disbursements to be made within thirty days of the entry of judgment or the attorney waives his right to such costs. SDCL 15–6–54(d) provides as follows:

Costs and disbursements shall be allowed as provided by statute. If a party wishes to have disbursements and costs of the action assessed, that party must file an application for taxation of costs, and a certificate of service, with the clerk of court. The application shall include a statement in detail of the costs and disbursements claimed and shall be verified by affidavit. The party preparing the application shall forthwith serve a true copy of the application and certificate of service upon all other parties.

A party who objects to any part of the application shall serve and file his objections with the clerk of court in writing within ten days of the service of the application on him or he will be deemed to have agreed to taxation of the costs and disbursements proposed. The written objections must be accompanied by a notice of hearing thereon and shall set forth in concise language the reasons why the costs should not be allowed. Upon receipt of such written objections and the notice of hearing, the clerk shall file the same and forward copies thereof, together with a copy of the application, to the court.

The decision rendered at the hearing shall be filed as a written order with the clerk,

directing that the approved amount of costs and disbursements inserted in the judgment and docketed.

If no written objection to the taxation of costs is filed within ten days of service, the clerk shall tax the costs and disbursements as set forth on the application, insert that amount in the judgment, and docket it. Costs and disbursements under this section shall be waived if proper application is not made within thirty days of the entry of the judgment. For good cause shown, the court may extend the time.

The last paragraph of this statute was a 1990 amendment. 1991 S.D. Sess.L. ch. 427 (Supreme Court Rule 90–04).

■ The Rules of Civil Procedure are not applicable to divorce proceedings as set forth in the South Dakota Codified Laws. SDCL 15–6–1 states that the Rules of Civil Procedure generally apply to all suits that are civil in nature but there are exceptions. SDCL 15–6–1 provides:

This chapter governs the procedure in the circuit court of the state of South Dakota in all suits of a civil nature, with the exceptions stated in 15–6–81. It shall be construed to secure the just, speedy and inexpensive determination of every action.

SDCL 15–6–81(a) has the following language regarding the exceptions:

This chapter does not govern pleadings, practice and procedure in the statutory and other proceedings included in but not limited to those listed in Appendix A to this chapter insofar as they are inconsistent or in conflict with this chapter.

The South Dakota Legislature has excepted SDCL 25–4, the divorce section, from the Rules of Civil Procedure. SDCL 15–6–81(a); SDCL 15–6–Appendix A.

Larry argues that if application for taxation of costs or attorney fees is not filed within thirty days of judgment it is waived. We disagree.

Prior to 1992, SDCL 15–17–7 provided as follows:

The court may allow attorneys' fees as costs for or against any party to an action in the cases if it is specifically provided by statute, but nothing herein abridges the power of the court to order payment of attorneys' fees in all cases of divorce annulment of marriage, determination of paternity or for separate maintenance and alimony, if the allowance of the same before or after judgment is warranted. Nor does anything herein abridge the power of the court to allow attorneys' fees from trusts administered through the court.

In 1992, the South Dakota Legislature repealed SDCL 15–17–7 and enacted SDCL 15–17–38. SDCL 15–17–38 provides as follows:

The compensation of attorneys and counselors at law for services rendered in civil and criminal actions and special proceedings is left to the agreement, express or implied, of the parties. However, attorneys' fees may be taxed as disbursements if allowed by specific statute. The court, if appropriate, in the interests of justice may award payment of attorneys' fees in all cases of divorce, annulment of marriage, determination of paternity, separate maintenance, support or alimony. The court may award the fees before or after judgment or order. The court may award attorneys' fees from trusts administered through the court as well as in probate and guardianship proceedings. Attorney fees may be taxed as disbursements on mortgage foreclosures either by action or by advertisement.

In most cases of divorces, there is only one judgment. The remaining decisions and determinations are made by separate orders. It is incongruous to require that after every order there be a taxation of costs which must be filed within (30) thirty days.

■ Attorney fees must be awarded only "upon compliance with due procedural due process and fundamental fairness." *Brennan v. Brennan,* 88 S.D. 541, 543, 224 N.W.2d 192, 193 (S.D.1974). This requires proper application for the fees and notice of the request to the defendant. *Id.* However, the thirty day limitation outlined in SDCL 15–6–54(d) is in conflict with actions under SDCL 25–4 per SDCL 15–6–81, because of the continuing nature of the issues in most cases. Larry's interpretation also contra-

dicts SDCL 15–17–40 which provides that the prevailing party may recover disbursements once, even though he may prevail on several counts or claims in a civil or special proceeding.

### ISSUE TWO

Did the trial court fail to consider Darlene's financial status in determining the attorney fees and costs and disbursements?

The second issue is whether the trial court failed to consider Darlene's financial status in determining the attorney fees and costs and disbursements. Larry alleges that the trial court failed to consider that Darlene has the ability to pay her own attorney fees since she was awarded assets valued at $226,000.00 of which approximately $76,000.00 was in liquid assets. She receives $500.00 per month in alimony and $1,100.00 per month in child support. In addition, she receives over $500.00 per month in disability benefits for herself and the children from the Social Security Administration. Also she receives some farm rental income each year. *See Kappenmann*, 479 N.W.2d at 522.

In determining whether to award attorney fees, a trial court must first consider what constitutes a reasonable fee. *Prentice v. Prentice*, 322 N.W.2d 880 (S.D.1982). On review, this Court will examine the trial court's analysis of the following elements pertinent to fixing legal fees generally: (1) the amount and value of the property involved; (2) the intricacy and importance of litigation; (3) the labor and time involved; (4) the skill required to draft pleadings and try the case; (5) the discovery procedures utilized; (6) the existence of complicated legal problems; (7) the time required; (8) whether briefs were required; and (9) whether an appeal to this court is involved. *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979); *Holforty v. Holforty*, 272 N.W.2d 810 (S.D.1978). Each case must rest on its own facts and there is little to be gained by comparing the present fee with others which have been previously allowed. *Lien, supra*.

Larry admits that the trial court made a determination as to what constitutes a reasonable fee and does not contest that

determination. Also, we find that the fact Larry incurred similar amount of attorney fees lends support that the attorney fees were reasonable. *See also Paul v. Paul*, 616 P.2d 707 (Wyo.1980).

Second, the court must decide what portion of the fee, if any, should be allowed as costs to be paid by the opposing party. In reaching this decision the court should consider the property owned by each party, their relative incomes, whether the property of the parties is in fixed or liquid assets, and whether the actions of either party unreasonably increased the time spent on the case. *Kier v. Kier*, 454 N.W.2d 544 (S.D.1990).

From reviewing the entire file, the trial court did consider the property owned by each party and their relative incomes. There is no question that the income of Larry is far above that of Darlene. The trial court considered the parties assets were both fixed and liquid.

Presumably, the awards of maintenance and child support are needed for those purposes and not available for paying attorney fees, costs and disbursements. *In Re Marriage of Dusing*, 654 S.W.2d 938 (Mo. App.1983). The disability payments from the Social Security Administration are needed for the mother's and children's support and are not available for costs, disbursements and attorney fees. Furthermore, the alimony of $500.00 award for five years would not be available for costs and disbursements or attorney fees since it would defeat the purpose for which it was given. The purpose of this rehabilitative alimony for Darlene is to assist her to achieve an ability to sustain herself and improve or refresh her job skills. The only assets that Darlene has other than her child support, maintenance and alimony to pay for the costs and disbursements is income, which if used for that purpose, would undermine her support and financial stability. *See In the Matter of Marriage of Scott*, 72 Ill.App.3d 117, 27 Ill.Dec. 863, 389 N.E.2d 1271 (1979).

The court ordered the costs and disbursements in this matter to be paid by Larry. We would affirm the trial court in allowing Darlene the sum of $9,544.90 for attorney

fees, $572.67 for sales tax and $1,501.04 for costs and disbursements.

The plaintiff further petitioned for attorney fees on appeal in the amount of $1,620.00 plus $97.20 sales tax. The petition is accompanied by a verified, itemized statement of costs incurred and legal services rendered as required by *Malcolm v. Malcolm*, 365 N.W.2d 863 (S.D.1985). After considering the factors set forth in *Senger v. Senger*, 308 N.W.2d 395 (S.D.1981), we hold that the plaintiff is entitled to attorney fees in the amount of $1,500.00 plus costs.

MILLER, C.J., and WUEST and SABERS, JJ., concur.

HENDERSON, Retired Justice, concurs in part and dissents in part.

MOSES, Circuit Judge, for AMUNDSON, J., disqualified.

KONENKAMP, J., not having been a member of the Court at the time this action was submitted did not participate.

HENDERSON, Justice (concurring in part and dissenting in part).

I concur on Issue 1. I dissent on Issue 2.

Trial court ordered Larry Kappenman to pay 100% of attorney's fees and costs incurred by Darlene Kappenman from March 1, 1991 through January 13, 1993.

Darlene Kappenman has an annual income in excess of $30,000, one-half of which is non-taxable income, and additionally was awarded assets valued at $226,000. Of said $226,000, $76,000 was in liquid assets. In my opinion, it is simply not fair for Larry Kappenman to bear all of the litigation expenses and that is what this decision amounts to. Here, the trial court should have considered the property owned by each party and it did not; it owed a duty to consider the respective incomes of each party and it failed to consider her $30,000 annual income, one-half of which was non-taxable; it failed to consider the liquid assets of approximately $76,000 which she possessed. These factors, cited in *Lien v. Lien*, 278 N.W.2d 436 (S.D.1979), were simply cast aside. Darlene Kappenman had the ability to pay her own fees in this matter.

She is set up in life, extremely well. Simply because Larry Kappenman sought to assert his rights in a court of law, should not be a reason to punish him. In my opinion, this man is being punished, by an economic award against him, which is a clear abuse of discretion. *Herndon v. Herndon*, 305 N.W.2d 917 (S.D.1981). The factors which I have set forth above, and not heeded, were repeated in *Kanta v. Kanta*, 479 N.W.2d 505 (S.D.1991); *Cole v. Cole*, 384 N.W.2d 312 (S.D.1986); *Senger v. Senger*, 308 N.W.2d 395 (S.D.1981).

This Court today adopts a "loser pays all" philosophy. We are adjudicating this case in a Court of Equity. Hence, I dissent to such a philosophy.