**Felix A. FOX, Plaintiff and Appellant,**

**v.**

**Delores M. FOX, Defendant and Appellee.**

**No. 17000.**

Supreme Court of South Dakota.

Considered on Briefs Oct. 25, 1990.

Decided March 27, 1991.

John P. Abbott, Brandon, for plaintiff and appellant.

Russell D. Kading, Sioux Falls, for defendant and appellee.

JOHNS, Circuit Judge.

## STATEMENT OF THE CASE AND ISSUES

Felix A. Fox (husband) appeals from a judgment and decree of divorce entered on November 22, 1989, granting Delores M. Fox (wife) a divorce on the ground of extreme cruelty. Husband also appeals from an order and judgment dated November 17, 1989, where the trial court, after a show cause hearing, found husband in contempt and entered a money judgment for interim child support arrearages, interim spousal support arrearages, and attorney's fees and costs. We affirm, in part, reverse, in part, and remand.

Husband asserts that the trial court committed the following reversible error:

1. That the trial court abused its discretion in not awarding him a decree of divorce on the ground of extreme cruelty;

2. That the trial court abused its discretion in its division of the parties' marital property and its allocation of their marital debts;

3. That the trial court abused its discretion when it entered its order and judgment of November 17, 1989, awarding wife a judgment for interim spousal support arrearages;

4. That the trial court abused its discretion when it entered its judgment and decree of divorce of November 22, 1989, awarding wife permanent alimony;

5. That the trial court abused its discretion when it awarded wife her attorney's fees and costs in the order and judgment of November 17, 1989; and

6. That the trial court abused its discretion when it awarded wife her attorney's fees and costs in the judgment and decree of divorce of November 22, 1989.

## SCOPE OF REVIEW

Wife properly served husband with proposed findings of fact and conclusions of law for each judgment. Husband failed to file his own proposed findings and conclusions and failed to file any objections to those wife proposed. The trial court entered the findings and conclusions wife proposed. Husband now stands in the position of having failed to question the sufficiency of the evidence before the trial court. It is a long-standing rule in this state that such a failure limits this court's scope of review to "whether the findings support the conclusions of law and judgment." *Application of Veith*, 261 N.W.2d 424, 425 (S.D. 1978). In such a case, the facts found by the court are presumed to be conclusive and this court will only consider whether the facts will support the legal conclusions. *Massey Ferguson Credit Corp. v. Bice*, 450 N.W.2d 435 (S.D.1990).

## FACTS

The parties were married on July 30, 1967. At the time of trial, husband was forty-three (43) years old and wife was forty-one (41). They had four children who had reached the age of majority at the time of the entry of the judgment and decree.

The parties separated in December 1987. Husband moved to California and took a job with McDonnell Douglas Aircraft Company. Wife continued to reside at the couple's residence in Sioux Falls, South Dakota, and continued her employment at Sears.

The trial court found that during the marriage husband inflicted physical and mental anguish toward wife and that wife

was therefore entitled to a divorce from husband on the ground of extreme cruelty. The trial court did not, however, make any findings concerning fault on the part of wife.

The trial court found that the parties acquired certain personal property including household goods, automobiles, and their respective retirement, pension, and profit-sharing plans. The trial court did not assign any valuations to these assets since it accepted the parties' agreement that each of them would receive the property in their respective possession.

The trial court also found that the parties owned a funeral plot of a value of $500.00 and the Sioux Falls residence which had a value of $57,498.00 and against which there were two outstanding mortgages totaling $39,707.00, leaving an equity of $17,791.00. Although the trial court did not assign any value to the parties' personal assets, it did find that the parties did not own any liquid assets. The trial court awarded wife the funeral plot and the home and held that she was responsible for one-half of the mortgages ($19,853.50) and that husband was responsible for the other one-half. Other specific marital debts of the parties totalled $4,828.00; the trial court allocated $2,713.50 to husband and $2,114.50 to wife. Other miscellaneous debts were divided equally and the parties were individually responsible for any debts incurred after the date of their separation.

The trial court found that husband was in good health; that he held a college degree in Business Administration, which was obtained during the marriage; that he holds a masters license as an electrician; that his employment gives him a net monthly income of $3,267.00; and, that in addition to his salaried income, he receives a Veteran's Administration benefit of $500.00 a month.

The trial court found that wife was also in good health, except for a permanent injury to her jaw that occurred as a result of being struck by husband; that she has a high school degree; that her net monthly take home pay from her employment is $800.00; and that any future advancement at her job was not expected. The court found that wife worked constantly during the marriage, taking only a few months off when the children were born; that she also raised the family and served as a homemaker; that her monthly living expenses were approximately $1,500.00; and that her age of forty-one years and her lack of formal education were detriments to her improving her station in the work place and in society.

Based on these findings, the trial court found that wife was entitled to permanent alimony in the monthly amount of $700.00 to meet her living expenses. The trial court reasoned that husband was leaving the marriage with a college degree, a new job, and a new lease on life while wife would be very financially strained if no support was received. The trial court further justified the amount of the award by finding that husband would still have "adequate resources" to maintain his cost of living after the alimony payment.

## ANALYSIS

The first issue is whether the trial court abused its discretion when it did not award husband a decree of divorce on the ground of extreme cruelty. Husband is not arguing that the trial court erred in awarding a divorce to wife on her counterclaim; rather, he is claiming that he likewise was entitled to a divorce on his complaint.

■ As stated earlier, husband failed to propose any findings of fact and conclusions of law and also failed to file any objections to those proposed by wife. Since the trial court's findings made no mention of fault on the part of the wife and since our review is limited to determining whether the findings support the conclusions of law and judgment, husband has no ground to complain since he failed to preserve his record. We, therefore, reject husband's first contention.

■ The second issue is whether the trial court abused its discretion when it awarded the parties' home and funeral plot to wife when that award is considered in connection with the court's allocation of

debt. It is a well-settled principle of law in South Dakota that this court will not disturb a division of property and liabilities unless it clearly appears that the trial court abused its discretion. *Studt v. Studt,* 443 N.W.2d 639 (S.D.1989). This clear abuse of discretion standard likewise appears in our review of awards of permanent alimony and attorney's fees. *Studt, supra; Schmidt v. Schmidt,* 444 N.W.2d 367 (S.D. 1989).*

When a court is dividing the property of divorcing parties, its discretion is limited by the terms of SDCL 25–4–44 and SDCL 25–4–45.1. SDCL 25–4–44 provides:

When a divorce is granted, the courts may make an equitable division of the property belonging to either or both, whether the title is in the name of the husband or the wife. In making such a division of the property, the court shall have regard for equity and the circumstances of the parties.

SDCL 25–4–45.1 provides in pertinent part:

Fault shall not be taken into account with regard to the awarding of property ... except as it may be relevant to the acquisition of property during the marriage....

■■■ The factors the trial court is to consider in making an equitable division include: "the length of the marriage; the value of the property; the age and health of the parties; their respective competency to earn a living; the contributions of each party to the accumulation of the property; and the income producing capacity of the parties assets." *Cole v. Cole,* 384 N.W.2d 312, 314 (S.D.1986). While the trial court must consider these factors, it is not bound to any mathematical formula. Rather, it is limited by principles of equity. *Baltzer v. Baltzer,* 422 N.W.2d 584 (S.D.1988).

■■■ Standing by itself, the trial court's property division/allocation of debt does not appear to be an abuse of discretion given the weight of all of the factors that balance in favor of the wife. Those factors include the following. This is a lengthy marriage, 22 years. The parties are in their early forties. During the marriage wife contributed to the accumulation of the marital estate by working, raising the children, and serving as a homemaker. Not unlike many South Dakotans, the known gross and net values of the parties' marital estate are not particularly significant in amount. Husband's known and established ability to earn a living is far greater than that of wife. Because of the great disparity in the present earning abilities of the parties, the fact that wife may not be able to improve her position in the work force, and the amount of the marital debt, husband is in a far better position to pay the marital debts than wife. In addition, there are no liquid assets, and, with the possible exception of the house, there are no known marital assets which have an income generating capacity.

While the property division/allocation of debt does not constitute an abuse of discretion when it is considered by itself, we must go further and consider it in conjunction with the permanent alimony award. *Lien v. Lien,* 278 N.W.2d 436 (S.D.1979); *Krage v. Krage,* 329 N.W.2d 878 (S.D. 1983). This brings us to the third issue which is whether the trial court abused its discretion when it awarded wife permanent alimony until she either remarries or dies.

SDCL 25–4–41 limits a trial court's discretion when it is called upon to decide whether a divorcing spouse should receive permanent alimony and, if so, in what

---

* The abuse of discretion standard of review was recently restated by this court in the *Matter of the Estate of Robert E. Donahue,* 464 N.W.2d 393 (S.D.1990). We said:

An abuse of discretion will be measured by an objective reasonableness standard. As stated in *Davis v. Kressly,* 78 S.D. 637, 107 N.W.2d 5, 8 (1961): "[W]e are not to determine whether the judges of this court would have made an original like ruling, but rather whether we

think a judicial mind, in view of the law and the circumstances of the particular case, could reasonably have reached such a conclusion." Stated another way, a trial court's findings of fact and the subsequent application of discretion shall not be disturbed unless there is clearly no basis in reason or evidence to support that finding.
*Citing Matter of Estate of Pejsa,* 459 N.W.2d 243 (S.D.1990).

amount and for what period of time. SDCL 25-4-41 provides, in part, that:

Where a divorce is granted, the court may compel one party to make such suitable allowance to the other party for support during the life of that other party or for a shorter period, as the court may deem just, having regard to the circumstances of the parties represented. . . .

■ Permanent alimony, as distinguished from restitutional and rehabilitative alimony, is an allowance for support and maintenance (i.e. the provision of food, clothing, habitation, and other necessaries) of the dependent/obligee spouse. *Wilson v. Wilson*, 434 N.W.2d 742 (S.D.1989); *Price v. Price*, 278 N.W.2d 455 (S.D.1979). It therefore follows that when a party requests permanent alimony they must establish that they have a need for support and that their spouse has sufficient means and abilities to provide for part or all of the need.

■ When considering the need for permanent alimony and its amount and duration, this court has repeatedly stated that a trial court must balance the following factors: "the length of the marriage; the respective earning capacity of the parties; their respective financial condition after the property division; their respective age, health, and physical condition; their station in life or social standing; and the relative fault in the termination of the marriage." *Bradeen v. Bradeen*, 430 N.W.2d 87, 88 (S.D.1988); *Studt, supra*, 443 N.W.2d at 643. These factors address the needs and abilities of the requesting spouse, the reasonableness of the request, the ability of the prospective obligor to pay a sum of money, and the equities of the case. It should also be noted in passing that this court has recognized that "[b]ecause each case is peculiar to its facts, the trial court is not bound to setting such awards with mathematical precision or within rigid parameters." *Studt, supra*, 443 N.W.2d at 643 citing *Bradeen, supra*.

■ In this case the trial court specifically stated in its findings that it considered all of the factors noted above. Based on our review of the court's findings (including the property division/allocation of debt and the fault of the husband for the marital breakup), we are satisfied that they establish that wife lacks sufficient property to provide for her reasonable needs, that she is unable to be supported through appropriate employment to meet those needs, that husband has sufficient means and abilities to provide for his and wife's reasonable needs, and that equities of the case justify an award of permanent alimony to wife. Therefore, we hold that the trial court did not abuse its discretion when it determined that wife was entitled to receive permanent alimony for the time period specified.

■ The final question in this area of inquiry is whether the combined effect of the amount of the alimony awarded and the property division/allocation of debt constitute an abuse of discretion. In addition to the property division/allocation of debts, husband is required to pay wife the sum of $700.00 per month as permanent alimony. The trial court specifically found "[wife] shall be entitled to Alimony in the amount of $700.00 until her death or remarriage in order for [wife] to meet her living expenses of approximately $1,500.00 per month." The court apparently arrived at the amount of this award by subtracting wife's monthly net earned income of $800.00 from wife's monthly expenses of $1,500.00. Based on this court's review of the findings of fact of both November 17, 1989, and November 22, 1989, it appears that the $1,500.00 a month figure for monthly expenses included the total amounts of the monthly mortgage payments. The net result of the trial court's action in allocating one-half of the mortgage indebtedness to husband and the inclusion of total amount of the monthly mortgage payments in the alimony award is to compensate wife twice for the same indebtedness. In our opinion, based on the present state of the findings of fact, this constitutes an abuse of discretion. We therefore remand the property division/allocation of debts and the permanent alimony award to the trial court for any further findings it may deem advisable and

for reconsideration in light of what we have stated.

The fourth issue is whether the trial court abused its discretion when it entered its November 17, 1989, order and judgment awarding wife a judgment for interim support arrearages. Husband is asking this court to consider rewarding him for having failed to comply, in any respect, with the trial court's initial order setting husband's interim spousal support in the amount of $645.78 per month. In doing so husband has failed to cite any case or statutory authority supporting his contention and, thus, we deem this issue waived. SDCL 15–26A–60(6); *Corbly v. Matheson*, 335 N.W.2d 347 (S.D.1983).

The fifth and sixth issues husband raises are whether the trial court abused its discretion when it awarded wife, in its order and judgment of November 17, 1989, her attorney fees and costs for bringing on a show cause hearing for husband's failure to make his interim spousal and child support payments and when it, in the judgment and decree of divorce, awarded her attorney fees and costs for prosecuting the divorce. Both awards for attorney fees were made pursuant to SDCL 15–17–7. That statute provides, in part, that:

> The court may allow attorneys' fees as costs for or against any party to an action only in the cases if it is specifically provided by statute, but nothing herein abridges the power of the court to order payment of attorneys' fees in all cases of divorce, annulment of marriage, determination of paternity or for separate maintenance and alimony, if the allowance of the same before or after judgment is warranted.

In exercising the discretion allowed by SDCL 15–17–7, a court must follow a two-step analysis. *Lien v. Lien*, *supra*. First, the court must determine what constitutes a reasonable attorney fee. *Id.* This requires consideration of (1) the amount and value of the property involved, (2) the intricacy and importance of the litigation, (3) the labor and time involved, (4) the skill required to draw the pleadings and try the case, (5) the discovery utilized, (6) whether there were complicated legal problems, (7) the time required for the trial, and (8) whether briefs were required. *Id.;* *Ryken v. Ryken*, 461 N.W.2d 122 (S.D. 1990). Second, it must determine the necessity for such fee. *Lien, supra; Olson v. Olson*, 438 N.W.2d 544 (S.D.1989). That is, what portion of that fee, if any, should be allowed as costs to be paid by the opposing party. *Kier v. Kier*, 454 N.W.2d 544 (S.D.1990). This requires consideration of the parties' relative worth, income, liquidity, and whether either party unreasonably increased the time spent on the case. *Gross v. Gross*, 355 N.W.2d 4 (S.D.1984).

The trial court found that the attorney's fees and costs ordered on November 17, 1989, were "reasonably and necessarily incurred" as a result of husband's conduct. Husband has no quarrel with this finding nor does he challenge the reasonableness of the amount. Rather, he is asking this court to reverse this award in light of the property division/debt allocation award and the permanent alimony award. We decline to do so since these fees are directly attributable to husband's recalcitrant conduct, and we refuse to reward him for it. In our opinion the trial court did not abuse its discretion in making this award.

As to the attorney's fees and costs ordered in the judgment and decree of divorce husband argues that: 1) given the property division/allocation of debt, the alimony award and the fault of wife, there is no necessity for the award; and 2) the fees awarded are not reasonable in amount. In its findings of fact the trial court specifically recognized and stated that it considered the various factors enunciated above. It further found that the parties owned no liquid assets; that husband showed a lack of cooperation in expediting the matter; that husband failed to abide by the court's order for temporary support; that husband caused an extensive delay in providing income statements and pension plan information; and that, wife's attorney's fees of $2,010.00 and costs of $153.26 were "reasonable" under the facts of this case. In light of the trial court's findings of fact, we

conclude that it did not abuse its discretion in making this award.

 Both parties submitted motions for appellate attorney's fees and costs, which are verified and supported by itemized statements of services rendered and costs incurred. *Malcolm v. Malcolm,* 365 N.W.2d 863 (S.D.1985). We are affirming the trial court in part and reversing in part. When a case on appeal is affirmed in part and reversed in part, the costs of appeal (including attorney fees) are in the discretion of this court. *Baltzer v. Baltzer, supra.*

Husband is requesting attorney fees, sales tax, and costs in the amount of $1,665.00 and wife is asking for the same in the amount of $1,865.73. We have engaged in the two-step analysis set forth previously and conclude that the fees and costs submitted by both sides are reasonable in amount for the prosecution of and defense of this appeal. On the question of necessity, we have given special consideration to the parties' respective monthly incomes and the necessity for and merit of this appeal. We deny husband's request and award wife $1,200.00 attorney fees and costs.

## CONCLUSION

We reverse and remand the issues of property division/allocation of debt and the amount of the permanent alimony award for purposes of trial court reconsideration and any further findings that that court may deem advisable. We affirm the trial court on all other issues raised. We award wife appellate attorney fees and costs under SDCL 15–17–7 in the amount of $1,200.00.

WUEST and HENDERSON, JJ., concur.

MILLER, C.J., and MORGAN, Retired Justice, concur in part and dissent in part.

JOHNS, Circuit Judge, for SABERS, J., disqualified.

AMUNDSON, J., not having been a member of the Court at the time this action was submitted to the Court, did not participate.

MORGAN, Retired Justice (concurring in part and dissenting in part).

I dissent from the reversal and remand on the issue of the combined effect of the property division and the permanent alimony. The majority finds that this is some kind of double compensation to the wife. But this is precisely the kind of error that could have been and should have been called to the trial court's attention by properly filed objections to the wife's proposed findings and conclusions. Now husband would have us "fine tune" the trial court's decision when he did not give the trial court the opportunity. I would affirm the trial court decision all of the way. I agree on the allowance of the appellate attorney fees.

I am authorized to state that Chief Justice MILLER joins in this concurrence in part and dissent in part.