2000 SD 126

Helen Ann HARDING–MOYER,
Plaintiff and Appellee,

v.

William H. HARDING, Defendant
and Appellant.

No. 21181.

Supreme Court of South Dakota.

Considered on Briefs April 24, 2000.

Decided Sept. 13, 2000.

Catherine E. Mattson, Rapid City, for plaintiff and appellee.

Thomas E. Brady of Thomas E. Brady, Spearfish, for defendant and appellant.

PER CURIAM

[¶ 1.] William Harding (William) appeals a trial court order requiring him to provide his ex-wife, Helen Harding–Moyer (Helen), with major medical insurance coverage under the terms of a divorce stipulation and settlement agreement incorporated into the parties' divorce decree in 1987. We reverse and remand.

FACTS

[¶ 2.] After six years of marriage, Helen commenced a divorce action against William in 1986. On October 7, 1986, the

parties entered into an agreement that included the following provision on health insurance:

> [Helen] and [William] agree that [William will] provide major medical insurance coverage on [Helen] and [the] minor children born of the marriage, provided however that [Helen will] pay $100.00 of the deductible and all of her own non-covered expenses. Should [William], for any reason, separate from his current employer he shall keep in full force and effect health insurance for [Helen] and [the] minor children with the minimum following standards ...

[¶ 3.] On March 24, 1987, the trial court entered a decree of divorce incorporating the agreement by reference as follows:

> IT IS HEREBY ORDERED that [Helen] and [William] may receive and retain items of personal property belonging to them and now in their possession and have divided their property as stated in the Stipulation and Settlement Agreement, provisions of which were offered and received into evidence as [Helen's] Exhibit # 1 and are hereby incorporated into this Judgment and Decree of Divorce with the same force and effect as though set forth fully herein[.]

[¶ 4.] In February 1991, William filed an affidavit and application for an order to show cause on various post-divorce matters including a request for relief from the obligation to maintain Helen's health insurance coverage. As grounds, William alleged Helen had remarried an Air Force serviceman and was eligible for coverage through her new husband. For reasons that are unclear in the record, the trial court struck this request and did not address it.

[¶ 5.] In a motion for modification of the divorce decree filed in November 1992, William again sought relief from the obligation to maintain Helen's health insurance coverage. As grounds, William again alleged Helen's remarriage. Helen responded with an affidavit stating:

> I want the medical insurance provision in the Decree of Divorce to be left alone and to remain in the Decree in the possible event that my current husband dies or we become divorced. I am not now covered by such medical insurance and as long as I am married I will not enforce that provision.

After a hearing on December 14, the trial court entered an order taking the matter of health insurance under advisement and directing the parties to submit further evidence, argument and authorities on the issue. However, nothing further occurred in the matter until 1998.

[¶ 6.] In 1998, Helen filed a motion for trust accounting, child support and medical arrears with regard to William. As part of her motion, Helen alleged that William failed to maintain her health insurance coverage and that she had unpaid medical bills as a result. She sought reimbursement for her unpaid expenses and an order for William to obtain insurance coverage for her and to provide monthly proof of coverage. William defended by asserting that the lapse in coverage was inadvertent and that coverage had been reinstated. William further asserted that Helen's remarriage terminated his obligation to maintain her insurance coverage in any event. After a hearing on June 11, the trial court entered findings of fact, conclusions of law and the following order on the health insurance issue:

> ORDERED, that [William] will reinstate [Helen] to her major medical insurance pursuant to the provisions of the Judgment and Decree of Divorce of March, 1987 and the Stipulation and Settlement Agreement of October, 1986[.]

William appeals.

## ISSUE

[¶ 7.] **Did the trial court err in continuing William's obligation to maintain health insurance coverage for Helen?**

[¶ 8.] William argues that the trial court erred in continuing his obligation to maintain health insurance coverage for Helen because Helen's remarriage provided grounds for relieving him of the obligation. Resolution of this argument requires a determination of the nature of the obligation. The trial court determined that the obligation to maintain the insurance coverage was contractual in nature because it was contained in the parties' stipulation and settlement agreement. Therefore, it held that William should be bound by the provisions of the agreement despite Helen's remarriage. William argues that the obligation is actually in the nature of spousal support or alimony subject to modification or elimination upon a showing of changed circumstances. *See Saxvik v. Saxvik,* 1996 SD 18, ¶ 9, 544 N.W.2d 177, 179 (to justify a change in alimony the party seeking modification must merely prove a change of circumstances from those in existence at the time of the original decree). He further argues that Helen's remarriage constituted a sufficient change in circumstance to warrant relieving him of the obligation.

[¶ 9.] This Court has not previously determined the nature of a spouse's obligation under a divorce decree to maintain health insurance coverage for a former spouse. In *Schwab v. Schwab,* 505 N.W.2d 752 (S.D.1993), we did apply the factors considered in reviewing alimony awards to approve a provision in a divorce decree requiring the husband to maintain health insurance coverage on his family including his former wife. However, the issue was presented to this Court as an alimony issue and neither party raised any argument over the propriety of applying alimony standards in reviewing the award. That is not the case here.

[¶ 10.] In *In re Marriage of Benjamins,* 26 Cal.App.4th 423, 31 Cal.Rptr.2d 313 (Cal.Ct.App.1994), the California Court of Appeal directly addressed the issue of whether an obligation to maintain health insurance coverage for a former spouse is in the nature of an alimony obligation. In *Benjamins, supra,* the spouses separated after a ten-year marriage and eventually entered into a marital settlement agreement. The agreement was accepted by the trial court as a final judgment and required the husband to pay his former wife's annual health insurance premiums for approximately two years. The wife died before the due date for the second premium and the husband refused to pay it. A dispute arose and the husband eventually paid the premium, but sought reimbursement from his former wife's estate. As grounds, the husband claimed that, as with spousal support, his obligation to pay the health insurance premiums terminated with his former wife's death. The trial court disagreed and denied reimbursement on the basis that the premiums had to be paid according to the parties' settlement agreement which contained a non-modification clause. The California Court of Appeal reversed holding that the husband's obligation to pay his former wife's insurance premiums terminated upon her death. In reaching its decision, the court noted that definitions of alimony, spousal support and maintenance describe various types of assistance designed to cover a spouse's living expenses, including medical care. The court reasoned that these definitions are broad enough to include medical insurance premiums and concluded that payment of the premiums in *Benjamins* was an important part of the support guaranteed to the former wife in that case.

[¶ 11.] The California court's decision in *Benjamins* was in accord with decisions by other courts that the obligation to pay for a former spouse's health insurance coverage is a form of alimony or spousal support. *See e.g. Damon v. Damon,* 23 Conn. App. 111, 579 A.2d 124 (1990)(order to provide medical coverage for duration of time that alimony is due is as modifiable as award of alimony); *In re Marriage of Coomer,* 622 N.E.2d 1315 (Ind.Ct.App. 1993)(it is apparent from judgment that amount to be paid for insurance resembles

an award of maintenance); *Hackett v. Hackett,* 591 So.2d 1281 (La.Ct.App.1991)(circumstances indicate that award of hospitalization was intended to be part of alimony award).

[¶ 12.] Similar to California, South Dakota defines alimony or spousal support as "an allowance for support and maintenance, with 'its sole object the provision of food, clothing, habitation, *and other necessaries for the support of a spouse.*'" *Urban v. Urban,* 1998 SD 29, ¶ 7, 576 N.W.2d 873, 875 (emphasis added)(quoting *Wilson v. Wilson,* 434 N.W.2d 742, 744 (S.D.1989)). "Necessaries consist of food, drink, clothing, *medical attention,* and a suitable place of residence[.]" Black's Law Dictionary 927 (5th ed. 1979)(emphasis added). These definitions are broad enough to include medical or health insurance premiums and, therefore, as concluded by the California court in *Benjamins,* maintenance of health insurance coverage should generally be viewed as part of an alimony or spousal support award to a former spouse.

[¶ 13.] Since maintenance of health insurance coverage is a form of alimony or spousal support, it follows that the maintenance obligation should be subject to modification or termination on a sufficient showing of changed circumstances. *See Saxvik, supra.* "'Proof that the spouse receiving spousal support payments has remarried establishes a prima facie case requiring the court to terminate the support payments unless there are extraordinary circumstances which justify continuance of the payments.'" *Marquardt v. Marquardt By Rempfer,* 396 N.W.2d 753, 754 (S.D.1986)(quoting *Bauer v. Bauer,* 356 N.W.2d 897, 898 (N.D.1984)). Since Helen's remarriage in the instant case is undisputed, it appears that William had a prima facie case for termination of his obligation to maintain her health insurance coverage. Moreover, once terminated, William's obligation could not be revived whatever the outcome of Helen's second marriage. *See* 24 Am.Jur.2d *Divorce and Separation* § 680 (1983)(once support allowance has been terminated by reason of obligee spouse's remarriage, obligor's liability cannot be revived as a result of obligee's divorce from second spouse or death of second spouse). Thus, the trial court's order continuing William's obligation to maintain the insurance must be reversed and remanded for the court to consider whether "extraordinary circumstances" might justify continuation of the obligation.

[¶ 14.] Reversed and remanded.

[¶ 15.] MILLER, Chief Justice, and SABERS, AMUNDSON, KONENKAMP and GILBERTSON, Justices, participating.